# CHARLESTON.

FLYNN *et al. v.* YEAGER *et al.*

Submitted February 26, 1924.   Decided September 9, 1924.

LIMITATION OF ACTIONS—*Suit for Accounting Suspends Statute of Limitations on Claims of Both Parties.*

> The institution of suit for an accounting between the parties suspends the operation of the statute of limitations on claims asserted by the defendant as well as those in favor of the plaintiff.

> (Limitations of Actions, 25 Cyc. p. 1312).

> NOTE: Parenthetical reference by Editors, C. J.—Cyc.   Not part of syllabi.

Appeal from Circuit Court, Pocahontas County.

Suit by James Flynn, trustee, and others against C. A. Yeager and others.   From a decretal judgment for defendants, plaintiffs appeal.

*Affirmed.*

*L. M. McClintic,* for appellants.

*F. R. Hill, Andrew Price,* and *A. P. Edgar,* for appellee, *C. A. Yeager.*

LITZ, JUDGE:

The plaintiffs appeal from a decretal judgment, entered upon an accounting between the parties, in favor of the defendant, C. A. Yeager against the plaintiffs for $4,227.76.

At September rules, 1917, plaintiffs filed their bill against the defendants alleging, substantially, that in the spring or summer of 1913 the plaintiffs engaged the defendant, Yeager, to purchase for them timber and timber lands in Pocahontas county, West Virginia, under which employment they agreed to pay him five per cent. commission on the purchase prices of the properties to be acquired, but with the understanding that he should account to plaintiffs for any amounts allowed him in the transactions, by the property owners, so that he would not receive for his services more than five per cent. of the price to be paid for the property acquired on

account of any purchase; that pursuant to this agency and agreement the defendant purchased for plaintiffs numerous tracts of timber and timber lands in Pocahontas County, including 234 acres and 135 acres known as the Dean lands and four-tenths of the timber on 204 acres called the Clutter timber, to which he had taken title wrongfully in his own name. The bill prays for an accounting between the plaintiffs and the defendant, Yeager, and for a decree compelling him to convey the plaintiffs the Dean lands and Clutter timber. A decree was entered August 3d, 1920, directing a conveyance by the defendant, Yeager, to plaintiffs, and referring the cause to a commissioner in chancery for a settlement of accounts, as prayed for. Upon Yeager's appeal this Court affirmed that decree and remanded the cause for further proceedings. *Flynn, Trustee, v. Yeager et al.,* 89 W. Va. 520.

On the coming in of the commissioner's report and exceptions thereto a decree was entered January 12th, 1923, in favor of defendant C. A. Yeager against the plaintiffs for $4,227.76, with interest from April 4th, 1922.

The decree complained of allows the defendant Yeager commissions found to be due him on account of his purchases for the plaintiffs under the contract of agency set up in the bill. This claim is now contested by the plaintiffs on the ground that it was not presented to the commissioner for allowance within the period of the statute of limitations. Sufficient answer to this point of error is that the institution of suit within the period of limitations, having as one of its purposes an accounting between the parties, suspended the running of the statute, if indeed it had become operative.

The right of Yeager to recover these commissions is also questioned upon the theory that they should have been paid to him by the persons from whom he purchased the properties on the plaintiffs' account. This claim is at variance with the contract of agency alleged in the bill and sufficiently proven.

It is further contended that the defendant Yeager should not receive commissions on the purchase price of the Dean lands and Clutter timber on account of his having taken and asserted title thereto in himself in alleged violation of his agency with the plaintiffs. This assignment is also without

merit. The bill seeks an accounting between the parties and alleges plaintiffs' willingness to pay these commissions. Moreover, the decree of reference affirmed on the former appeal directs that they be ascertained and reported to court.

The decree of the circuit court appealed from in our view fairly and fully determines and settles the matters in difference between the parties properly cognizable in this suit, and we find no cause for reversal. It will, therefore, be affirmed.

*Affirmed.*